

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | | |
|---|---|---|
| JEREMY GREEN, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:25-13136-MGL |
| | § | |
| CLOVER VALLEY, DOLLAR GENERAL | § | |
| CORPORATION, INSURANCE COMPANY, | § | |
| FLOWERS FOOD INC, and ESIS/ACE | § | |
| AMERICAN INSURANCE COMPANY, | § | |
| Defendants. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND DISMISSING THIS CASE WITHOUT PREJUDICE
## AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

Plaintiff Jeremy Green, who is self represented, filed this lawsuit against Defendants Clover Valley, Dollar General Corporation, Insurance Company, Flowers Food Inc, and ESIS/ACE American Insurance Company.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending to the Court the complaint be summarily dismissed without prejudice and without issuance and service of process for lack of subject matter jurisdiction. The Report was made pursuant to 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court.

*Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 26, 2026, and, on March 18, 2026, Green untimely filed what he titles "Objections to R&R[.]" Objections at 1 (capitalizations standardized). But, the submission fails to address the Report in any way whatsoever. Instead, it contains several pages of medical records and a copy of a document from the Clerk's Office. As such, the Court concludes Green has failed to submit any objections to the Report.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record . . . to accept the recommendation.'" *Diamond v. Colonial Life &Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. It is therefore the judgment of the Court the complaint is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

Signed this 26th day of March, 2026, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Green is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.